UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Riebe;<br>Joseph Herron;<br>Joshua Herman,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Horry County, South Carolina; J Ruben Long Dentention Center,<br>　　　　　　　　　　　Defendants. | ) C/A No. 4:11-1257-TLW-TER<br>)<br>)<br>)　　　Order<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by three pre-trial detainees proceeding *pro se*. The Complaint challenges conditions at J. Reuben Long Detention Center in Conway, South Carolina. The Complaint, signed by each of the three plaintiffs, makes medical indifference claims, the particulars of which differ among the plaintiffs.

　　　　Because Plaintiffs are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 194-134, §§ 801-810, 110 Stat. 1321 (1995), applies to this case. The screening provision of 28 U.S.C. § 1915A(a) requires review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and allows for *sua sponte* dismissal in specified circumstances. The PLRA placed "some rather substantial limitations on a prisoner's ability to initiate a civil action." *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006).

　　　　Upon review, and in applying provisions of the PLRA to this case, the question whether multiple plaintiffs can proceed in a single case under the PLRA arises. The PLRA requires prisoners to pay the full filing fee, although the fee may be paid in installments. 28 U.S.C. § 1915(b); *Green*, 454 F.3d at 407. The Fourth Circuit has not addressed the issue of payment of fees in a case filed

by multiple plaintiffs subject to the PLRA. Finding no binding precedent, this court is persuaded by the reasoning of the Eleventh Circuit in *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001), which held that multiple prisoners are not allowed to join together in a single lawsuit. Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA. The *Hubbard* court found that it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Id*. at 1198.

Additionally, a prisoner is required to exhaust administrative remedies prior to filing suit for civil rights violations. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Just as payment of one fee may not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all named Plaintiffs. Each individual Plaintiff is required to comply with the exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (exhaustion is required in all actions brought with respect to prison conditions); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (PLRA makes exhaustion of administrative remedies "mandatory.").

Finally, each plaintiff's claims are unique to the particular plaintiff. The complaint raises several claims for relief. Although allegations relating to the general conditions of confinement may be similar, different factual situations likely exist relating to each plaintiff's circumstance and claim. Because Plaintiffs' claims will require individualized determinations, the Clerk of Court is directed to assign separate individual civil action numbers to each of the individual inmates whose signatures

appear on the Complaint. The current case number, C/A No. 4:11-1257-TLW-TER, will be used for Plaintiff Jeffrey Riebe. The other two plaintiffs, Joseph Herron and Joshua Herman, will be terminated from this case, and assigned new, individual case numbers. The defendants in the new cases will be the same defendants in the caption of this Order. The Clerk of Court is authorized to re-file the Complaint from this case in the new cases and to process the new cases as individual prisoner civil rights cases. The initial document entries on the docket in the additional cases will be this Order and the Complaint in this case, and the cases shall proceed to initial review by the United States Magistrate Judge as required by the Local Rules of this Court.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
United States District Judge

June 6, 2011
Florence, SC